**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTOS CORNELIO BARRERA-ALONSO, AKA Cornelio Alonso, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-73291 <br><br> Agency No. A099-624-416 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015**

Before:   GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Santos Cornelio Barrera-Alonso, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

   *   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's determination that, even if Barrera-Alonso was credible and he timely filed his asylum application, he failed to demonstrate past persecution or a fear of future persecution on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("[T]o demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts."). Thus, Barrera-Alonso's asylum and withholding of removal claims fail. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1045 (9th Cir. 2004).

Finally, substantial evidence supports the agency's denial of Barrera-Alonso's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Salvadoran government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**